**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

MOISES JAVIER ARGUETA RIVAS
4901 78th Avenue
Hyattsville, MD 20784
(Prince George's County)

CRUZ ANTONIO GARCIA BENITEZ
4901 78th Avenue
Hyattsville, MD 20784
(Prince George's County)

NELSON NAKUN RODRIGUEZ REYES
239 North Frederick Avenue, Apt. 5A
Gaithersburg, MD 20877
(Montgomery County)

    Plaintiffs,

v.

GLOBAL SERVICES & SYSTEMS, INC.
223 Midsummer Drive
Gaithersburg, MD 20878

JENNIFER KIM
223 Midsummer Drive
Gaithersburg, MD 20878

PETER KIM
223 Midsummer Drive
Gaithersburg, MD 20878

    Defendants.

Civil Action No._____

## **COMPLAINT**

1.    Defendants employed Plaintiffs as construction workers. Defendants misclassified

Plaintiffs as independent contractors. As a result, Defendants denied Plaintiffs' overtime wages.

2. Plaintiffs bring this action to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*, and the Maryland Workplace Fraud Act ("MWFA"), Md. Code, Lab. & Empl. Art., § 3-901 *et seq.*

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) since all Defendants reside in this district and division and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and division.

### Parties

5. Plaintiff Moises Javier Argueta Rivas is an adult resident of Prince George's County, Maryland.

6. Plaintiff Cruz Antonio Garcia Benitez is an adult resident of Prince George's County, Maryland.

7. Plaintiff Nelson Nakun Rodriguez Reyes is an adult resident of Montgomery County, Maryland.

8. Defendant Global Services & Systems, Inc. is a Maryland corporate entity. Global Services & Systems, Inc.'s principal place of business is located at 223 Midsummer Drive, Gaithersburg, MD 20878. Global Services & Systems, Inc.'s resident agent for service of process is "Jennifer Y. Kim," 223 Midsummer Drive, Gaithersburg, MD 20878.

9. Defendant Jennifer Kim is an adult resident of Maryland. She is an owner and officer of Global Services & Systems, Inc. She exercises authority over Global Services & Systems, Inc.'s operations, including its pay practices.

10. Defendant Peter Kim is an adult resident of Maryland. He is an owner and officer of Global Services & Systems, Inc. He exercises authority over Global Services & Systems, Inc.'s day to day operations, including its pay practices.

11. Defendants Peter Kim and Jennifer Kim are husband and wife.

## Factual Allegations Specific to Plaintiff Argueta Rivas

12. Defendants employed Plaintiff Argueta Rivas from approximately March 30, 2015 through approximately November 20, 2016. Plaintiff Argueta Rivas took a brief leave of absence from approximately December 28, 2015 through approximately February 14, 2016.

13. Plaintiff Argueta Rivas worked as a construction laborer.

14. Plaintiff Argueta Rivas' job duties primarily consisted of laying fiber optic cables.

15. Plaintiff Argueta Rivas typically and customarily worked six days a week.

16. Plaintiff Argueta Rivas typically and customarily worked from approximately 6:30 a.m. until approximately 7:00 p.m.

17. Plaintiff Argueta Rivas typically and customarily worked approximately 75 hours per workweek for Defendants.

18. Plaintiff Argueta Rivas worked a total of approximately 2,730 overtime hours for Defendants.

19. Plaintiff Argueta Rivas was never paid overtime wages for when he worked more than 40 hours in a workweek.

20. Plaintiff Argueta Rivas earned a daily salary.

21. Plaintiff Argueta Rivas earned the following daily salaries:

| Approximate Date Range | Daily Salary | Effective Hourly Rate |
|---|---|---|
| Mar. 30, 2015 – Sept. 27, 2015 | $120.00 | $9.60 |
| Sept. 28, 2014 – Nov. 20, 2016 | $150.00 | $12.00 |

22. Defendants owe Plaintiff Argueta Rivas approximately **$15,288.00** in unpaid overtime wages.

### Factual Allegations Specific to Plaintiff Garcia Benitez

23. Defendants employed Plaintiff Garcia Benitez from 2013 through approximately October 2, 2016.

24. Plaintiff Garcia Benitez worked as a construction laborer.

25. Plaintiff Garcia Benitez's job duties primarily consisted of laying fiber optic cables.

26. Plaintiff Garcia Benitez typically and customarily worked six days a week.

27. Plaintiff Garcia Benitez typically and customarily worked from approximately 6:30 a.m. until approximately 7:00 p.m.

28. Plaintiff Garcia Benitez typically and customarily worked approximately 75 hours per workweek for Defendants.

29. During the three years prior to the filing of this complaint, Plaintiff Garcia Benitez worked a total of approximately 4,935 overtime hours for Defendants.

30. Plaintiff Garcia Benitez was never paid overtime wages for when he worked more than 40 hours in a workweek.

31. Plaintiff Garcia Benitez earned a daily salary.

32. Plaintiff Garcia Benitez earned the following daily salary:

| Approximate Date Range | Daily Salary | Effective Hourly Rate |
|---|---|---|
| Jan. 20, 2014 – Oct. 02, 2016 | $160.00 | $12.80 |

33. For the three years prior to the filing of this complaint, Defendants owe Plaintiff Garcia Benitez approximately **$31,584.00** in unpaid overtime wages.

### Factual Allegations Specific to Plaintiff Rodriguez Reyes

34. Defendants employed Plaintiff Rodriguez Reyes from 2012 through approximately August 8, 2016.

35. Plaintiff Rodriguez Reyes worked as a construction laborer.

36. Plaintiff Rodriguez Reyes' job duties primarily consisted of laying fiber optic cables.

37. Plaintiff Rodriguez Reyes typically and customarily worked six days a week.

38. Plaintiff Rodriguez Reyes typically and customarily worked from approximately 7:00 a.m. until approximately 7:00 p.m.

39. Plaintiff Rodriguez Reyes typically and customarily worked approximately 72 hours per workweek for Defendants.

40. During the three years prior to the filing of this complaint, Plaintiff Rodriguez Reyes worked a total of approximately 4,256 overtime hours for Defendants.

41. Plaintiff Rodriguez Reyes was never paid overtime wages for when he worked more than 40 hours in a workweek.

42. Plaintiff Rodriguez Reyes earned a daily salary.

43. Plaintiff Rodriguez Reyes earned the following daily salaries:

| Approximate Date Range | Daily Salary | Effective Hourly Rate |
|---|---|---|
| Jan. 20, 2014 – Dec. 28, 2014 | $130.00 | $10.00 |
| Dec. 29, 2014 – Jan. 03, 2016 | $140.00 | $10.77 |
| Jan. 04, 2016 – Aug. 14, 2016 | $150.00 | $11.54 |

44. For the three years prior to the filing of this complaint, Defendants owe Plaintiff Rodriguez Reyes approximately **$24,586.67** in unpaid overtime wages.

**Factual Allegations Concerning Defendants' Misclassification of Plaintiffs**

45. Defendants misclassified Plaintiffs as independent contractors.

46. At all relevant times, Plaintiffs were under the control of the Defendants, pursuant to Md. Code, Lab. & Empl. Art. § 3-903(c)(1)(ii)(1).

47. At all relevant times, Plaintiffs were not customarily engaged in an independent business.

48. At all relevant times, Plaintiffs' work activities were within Defendants' usual course of business, as defined by Md. Code, Lab. & Empl. Art. § 3-903(c)(2).

49. At all relevant times, Plaintiffs' work activities were integral to Defendants' usual course of business of providing construction services.

50. At all relevant times, Plaintiffs were legally presumed to be employees of the Defendants, pursuant to Md. Code, Lab. & Empl. Art. § 3-903(c).

51. No written contract ever existed between the Defendants and the Plaintiffs pursuant to Md. Code, Lab. & Empl. Art. § 3-903.1(1)(i).

52. Defendants never created an affidavit indicating that Plaintiffs were independent contractors, available to work for other businesses, pursuant to Md. Code, Lab. & Empl. Art. § 3-903.1(ii).

53. Defendants never created or provided Plaintiffs with a notice stating that they were an independent contractor, pursuant to Md. Code, Lab. & Empl. Art. § 3-914(b).

54. At all relevant times, Defendants provided Plaintiffs with the tools and materials necessary to complete Plaintiffs assigned tasks.

55. At all relevant times, Defendants maintained possession of and stored the tools and materials that they provided for Plaintiffs' use.

56. At all relevant times, Plaintiffs identified themselves as employees of Defendants.

57. At all relevant times, Defendants and Plaintiffs believed that an employer-employee relationship existed.

58. At all relevant times, Defendants supervised the work that Plaintiffs performed.

59. At all relevant times, Defendants assigned Plaintiffs specific tasks to perform on their jobs.

60. At all relevant times, Defendants paid Plaintiffs by the day, rather than by the job.

61. At all relevant times, Defendants and Plaintiffs never agreed to a working relationship that would last for a predetermined set period of time.

62. At all relevant times, Defendants engaged in the practice of misclassifying their employees as though they were independent contractors, irrespective of the employees' job duties and work assignments.

## Factual Allegations Regarding Defendants' Payroll Methods

63. At all relevant times, Defendants paid Plaintiffs in cash.

64. At all relevant times, Defendants paid Plaintiffs once a week.

65. At all relevant times, Defendants divided their employees, including Plaintiffs, into groups of approximately 4 to 7 individuals. Each group had a leader.

66. Every workweek, Defendant Peter Kim tendered each group's leader a check. Each check represented the total pay for the group for the workweek.

67. Together with the check, Defendant Peter Kim also tendered each group's leader an itemization of the leader's and each employee's earnings for the workweek.

68. Upon receipt of the paycheck, the leader was instructed to cash the check and distribute the cash to himself and each employee, according to Defendants' itemization.

69. Defendant Jennifer Kim typically and customarily signed the checks that were distributed to the leaders.

## Other Factual Allegations

70. At all relevant times, Defendants had the power to hire and fire Plaintiffs.

71. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

72. At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

73. At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

74. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular rate for all hours worked in excess of 40 hours in any one workweek.

75. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to Plaintiffs.

76. At all relevant times, Defendants were aware that Plaintiffs worked overtime hours.

77. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

78. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

79. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

80. Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

81. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

82. Defendants violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-half times Plaintiffs' regular hourly rate for hours worked in excess of 40 hours in any one workweek.

83. Defendants' violations of the FLSA were willful.

84. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

85. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

86. Each defendant was an "employer" of Plaintiffs within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

87. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

88. Defendants violated the MWHL by knowingly failing to pay Plaintiffs one and one-half times Plaintiffs' regular hourly rate for hours worked in excess of 40 hours in any one workweek.

89. Defendants' violations of the MWHL were willful.

90. For Defendants' violations of the MWHL, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

91. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

92. Each defendant was an "employer" of Plaintiffs within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

93. The MWPCL requires employers to pay an employee who is discharged on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

94. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

95. The "wages" required to be timely paid by the MWPCL include overtime wages. *Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

96. Defendants violated the MWPCL by knowingly failing to timely pay Plaintiffs all wages earned, including overtime wages.

97. Defendants' violations of the MWPCL were willful.

98. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiffs for three times the amount of unpaid wages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT IV
## MISCLASSIFICATION UNDER THE MWFA

99. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

100. Defendants employed Plaintiffs in the "construction services" industry within the meaning of the MWFA, Md. Code, Lab. & Empl. Art. § 3-901(b).

101. Each defendant was an "employer" of Plaintiffs within the meaning of the MWFA, Md. Code, Lab. & Empl. Art. § 3-901(c).

102. The MWFA forbids employers from misclassifying employees as independent contractors. Md. Code, Lab. & Empl. Art. § 3-903.

103. Defendants knowingly misclassified Plaintiffs as independent contractors.

104. As a result of Defendants' misclassification, Plaintiffs were not paid an overtime premium for hours worked in excess of 40 in any one workweek.

105. For Defendants' violations of the MWFA, Defendants are liable to Plaintiffs for unpaid overtime wages, plus an amount equal to three times the unpaid overtime wages as damages, plus interest, court costs, reasonable attorney's fees and expenses, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$296,622.17**, and grant the following relief:

    a. Award Plaintiffs $285,834.67, consisting of the following overlapping elements:

        i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

    iii.    three times the amount of unpaid overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

    iv.    unpaid overtime wages, plus an amount equal to three times the amount of unpaid overtime wages, pursuant to the MWFA, Md. Code, Lab. & Empl. Art. § 3-911(c);

b.    Award Plaintiffs pre-judgment and post-judgment interest as permitted by law.

c.    Award Plaintiffs reasonable attorney's fees and expenses at Appendix B Rates (as of this date, approximately **$10,387.50**);

d.    Award Plaintiffs court costs (currently, **$400.00**); and

e.    Award any additional relief the Court deems just.

Date: January 26, 2017                          Respectfully submitted,

<u>/s/ Justin Zelikovitz, Esq.</u>
Justin Zelikovitz, #17567
DCWageLaw
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com